NOT DESIGNATED FOR PUBLICATION

No. 119,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEYDREN DANIEL OLIVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed April 26, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before HILL, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM: Keydren Daniel Oliver has asked for summary disposition of his sentencing appeal which is allowed under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). He contends the court should have found that it would be manifestly unjust to impose consecutive sentences in this case and the court used the wrong legal standard when it decided the restitution amount. The State does not object to summary disposition and argues that Oliver is not entitled to relief. Our review of the record reveals that Oliver is not entitled to any sentence modification or amendment to his restitution order.

1

*Oliver pled guilty while on felony probation.*

Oliver pled guilty to four counts of aggravated battery and one count of fleeing and eluding in this case. He committed these crimes while serving a probation term for a criminal possession of a weapon crime and another crime of aggravated burglary. The court did impose a durational departure sentence but ordered Oliver to serve it consecutive to his prior sentences. Contending an abuse of discretion, Oliver argues to us that the court should not have ordered a consecutive sentence.

A judicial action constitutes an abuse of discretion if:
- no reasonable person would take the view adopted by the trial court;
- it is based on and error of law; or
- it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Because Oliver has not shown that this sentence is unreasonable or erroneous in any way, we must affirm.

In particular, the court ordered the sentence for eluding/fleeing to be served consecutively because Oliver was driving over 100 miles per hour while committing the crime. When reviewing his criminal history, the court observed that Oliver is a public safety risk. We cannot disagree with these observations and they are supported in the record. Oliver is not entitled to sentencing relief.

Turning to the question of restitution, we note that Oliver complains that the court did not use the fair market value as the standard to decide what restitution should be made. While for property crimes, Kansas courts have typically used fair market value to determine the amount of a loss, the restitution statute, K.S.A. 2018 Supp. 21-6604(b)(1), does not restrict a trial judge to award only the fair market value as restitution. Restitution

2

may include costs in addition to fair market value. The appropriate amount is that amount which compensates the victim for the actual damage or loss caused by the defendant's crime. *State v. Hall*, 297 Kan. 709, 713-14, 304 P.3d 677 (2013).

During this crime, Oliver wrecked a 1975 Cadillac convertible. An attachment to the victim's request for restitution was a photocopy of the Blue Book value for such a car. The attachment suggested the low retail value of the car was $10,700, the moderate value was $16,700, and the high value was $29,700. The court ordered $11,000 restitution because the victim would also not be compensated for his insurance deductible. We find this amount reasonable and not an abuse of discretion.

We affirm the district court's sentence and restitution order.